IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-435-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STEVEN FRITZ KESSLER,

    Defendant.

The Clerk of the
United States District of Colorado,
Certifies that this is a true
Copy of the original Document

Dated: Sep 17, 2018

JEFFREY P. COLWELL

By s/_____

---

## INFORMATION

**Conspiracy**
(Title 18, United States Code, Section 371)

---

The United States Attorney charges:

### COUNT ONE
**Conspiracy**
(Title 18, United States Code, Section 371)

1. Between in or about April 2017 and continuing until in or about September 2017, in the State and District of Colorado and elsewhere, defendant

**1. STEVEN FRITZ KESSLER,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and, for the purpose of executing such scheme, did cause to be

placed in a post office and authorized depository for mail matter, matter to be sent and delivered by the United States Postal Service, according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

## MANNER AND MEANS

2. As part of the conspiracy, the defendant served as Vice President of the Direct to Consumer ("DTC") unit of a consumer data analytics company ("the Company") that specialized in analyzing and selling U.S. consumers' transactional and demographic information.

3. As part of the conspiracy, the defendant supervised Company employees who sold to clients information on consumers identified by the Company as being likely to respond to the clients' mailed solicitations.

4. As part of the conspiracy, the defendant and other Company employees agreed to provide information to a client with a business registration and mailing address in Florida ("the Client") that operated a scheme involving deceptive mail solicitations sent by way of the United States mail. The Client's mail solicitations induced consumers to pay a fee in exchange for a falsely promised sweepstakes cash prize. Each deceptive mail solicitation was designed to resemble an official and personalized prize notification to every consumer to whom the Client sent a mail solicitation.

5. As part of the conspiracy, the defendant and other Company employees—consistent with the Company's practices, policies, senior management direction, and the defendant's work as a supervisor in the DTC unit—received and reviewed from the Client a sample deceptive mail solicitation which the Client intended to send to consumers. The sample was styled as an official and personalized notice of a sweepstakes cash prize that a consumer recipient could claim by remitting a comparatively small fee. The sample contained blank spaces for the insertion of consumers' identifying information. The defendant and other Company employees also received and reviewed information from the Client about consumers who purportedly

had paid a fee in response to the Client's prior mail solicitations and about the Client's plans to send deceptive mail solicitations matching the sample deceptive mail solicitation to new consumers by way of the United States mail.

6.  Based on the sample deceptive mail solicitation and other information received from the Client, the defendant and other Company employees caused to be identified through the Company's data analytical tools new consumers likely to respond to the Client's deceptive mail solicitations.

7.  As part of the conspiracy, the defendant and other Company employees caused the Company to sell information about the identified new consumers to the Client, knowing that the Client would use that information to send to those consumers deceptive mail solicitations.

8.  As part of the conspiracy, the defendant acted with the purpose of benefiting the Company by way of the sale of consumer information to the Client and himself by way of continued salary and increased incentive compensation from the Company.

### OVERT ACTS

9.  To effect the object of the conspiracy, the defendant and his co-conspirators performed overt acts in the State and District of Colorado and elsewhere, including but not limited to the following acts:

    a.  In or about April 2017 in the District of Colorado, the defendant, having reviewed the Client's sample deceptive mail solicitation and other information received from the Client, assigned an employee under his supervision in the Company's DTC unit to manage the Client's account and respond to the Client's request for new consumer information.

b. In or about May 2017 in the District of Colorado, the defendant and his co-conspirators caused the Company to sell and send information on approximately 5,000 consumers to the Client.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

### 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)

10. Upon conviction of the offense alleged in Count One, Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

11. Because the property described above as being subject to forfeiture as a result of any act or omission of the defendant-

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value, or

    (5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28 United States Code Section 2461, to seek forfeiture of any other property of said defendants up to the value of said property listed above as being subject to forfeiture.

In all such forfeitures, including but not limited to:

### Money Judgment

A sum of money equal to $10,000.00 in United States Currency, representing proceeds obtained by the Defendant in the form of salary and incentive compensation associated with the offense in Count One.

Dated: September 17, 2018

ROBERT C. TROYER
United States Attorney

By: /s/ 
Rebecca S. Weber
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Rebecca.Weber@usdoj.gov
Attorney for the United States

GUSTAV W. EYLER
Acting Director
United States Department of Justice
Consumer Protection Branch

Alistair Reader
Ehren Reynolds
Trial Attorneys
United States Department of Justice
Consumer Protection Branch
450 5th Street, NW, Suite 6400
Washington, DC 20530
Telephone: (202) 353-9930
E-mail: Alistair.Reader@usdoj.gov